UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JOSEPH MALATAMBAN RAAB,

        Plaintiff,

        Case No. 2:19-cv-112

v.

        Honorable Gordon J. Quist

RYAN HERING,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a pretrial detainee under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual allegations

Plaintiff Joseph Malatamban Raab is presently detained at the Chippewa County Jail where he is apparently awaiting trial on charges related to the possession or manufacture of methamphetamine. Plaintiff sues Chippewa County Deputy Sheriff Ryan Hering.

Plaintiff alleges that Defendant Hering pulled trash from garbage cans at or near Plaintiff's residence. Plaintiff lived in an apartment at 230 Ferris Street, Sault Ste Marie, Michigan. Defendant pulled trash from garbage cans located at 230 Ferris Street and 232 Ferris Street. He then prepared a "search warrant return and tabulation" identifying items recovered from the trash cans, including a can of Zippo lighter fuel, a can of butane fuel, a can of oven cleaner, and several lithium batteries. (*See* Tri-Dent Search Warrant Return & Tabulation, ECF No. 1-1, PageID.20.) He later testified that he believed these items could be used to make methamphetamine, but he acknowledged that he did not know who the trash cans belonged to.

Plaintiff claims that Defendant "went out of his way to take what he believed were meth components from a neighbor's trash, explained to the court how you can make meth with these components knowing you can't, then put them in the return tabulation in the warrant to be used as evidence ag[a]inst us in a trial." (Compl., ECF No. 1-1, PageID.10.)

As relief, Plaintiff seeks compensatory and punitive damages.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's claim fails at the first step because he has not alleged a violation of his constitutional rights. He has not identified anything improper about Defendant's collection of evidence from the trash cans or about Defendant's statements and testimony. Plaintiff apparently disagrees with Defendant's opinion that the components discovered can be used to make methamphetamine, but that disagreement does not give rise to a constitutional claim. Indeed, Plaintiff has the opportunity to challenge Defendant's opinion at trial.

Plaintiff also asserts that Defendant "planted" evidence, but this assertion is wholly conclusory. Indeed, Plaintiff's assertion appears to rest on the fact that some of the evidence came from trash cans belonging to Plaintiff's neighbor. But it is not clear why this constitutes "planting" (i.e., manufacturing) evidence against Plaintiff. According to the search warrant return provided by Plaintiff, Defendant clearly indicated that he obtained the evidence in question from 232 Ferris Street, not 230 Ferris Street, where Plaintiff lived. Plaintiff apparently disagrees with Defendant's assumption that evidence from the trash cans belonging to Plaintiff's neighbor counts as evidence against Plaintiff, but that is another difference of opinion that does not give rise to a constitutional claim. In short, Plaintiff has not alleged any deceitful or improper conduct by Defendant that would state a claim under § 1983.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The Court does not certify that an appeal would not be in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding in forma pauperis, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: July 24, 2019                                             /s/ Gordon J. Quist
                                                                                    GORDON J. QUIST
                                                                     UNITED STATES DISTRICT JUDGE